[Civ. No. 1660.   Second Appellate District.—March 3, 1917.]

BENJAMIN WEST, Respondent, v. JESSE ˙ A. LINNEY AND COMPANY, a Copartnership, et al., Appellants.

NEGLIGENCE—INJURY TO PAINTER—FALL OF SCAFFOLD—SUFFICIENCY OF EVIDENCE.—In an action for damages for personal injuries sustained by a painter from the fall of the scaffold upon which he was working, evidence that it was possible for the employers of the plaintiff to have secured the scaffold against slipping of the shingles to which it was attached by fastening a rope to the hooks and tying it to a chimney on the top of the building, is sufficient to sustain the finding that the defendants were negligent in not providing plaintiff a safe place to work.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Robt. T. Linney, and Ralph W. Schoonover, for Appellants.

Harriman, Ryckman & Tuttle, for Respondent.

CONREY, P. J.—In this action it was alleged by the plaintiff that he was employed by the defendants as a house painter upon a certain house in the city of Los Angeles; that while working in the course of that employment upon a

scaffold supplied and erected by defendants and suspended
by ropes and hooks from the building, the scaffold suddenly
and without warning and through the negligence of the de-
fendants, fell and precipitated plaintiff to the ground below
whereby he received the described injuries. It was pleaded
that the negligence of the defendants consisted in failure to
provide plaintiff a secure and sufficient scaffold upon which to
work, and proper and sufficient supports for said scaffold.
Defendants appeal from the judgment and from an order
denying their motion for a new trial.

It is conceded that the ropes, hooks, jacks, and platform
constituting the scaffold were supplied by the defendants to
the plaintiff and two other workmen who were co-operating
with him as fellow-workmen in painting the house. It was
also shown without conflict in the evidence that the scaffold
fell suddenly and without warning, and thereby the plaintiff
received his injuries. The scaffold was erected by workmen
of the defendants who put the materials in place and swung
the platform into the position where it was when it fell. It
was clearly shown by the evidence, and is not disputed, that
the scaffold was of a kind commonly used and well approved
in the painting business, and that the particular materials
were superior of their kind and in first-class condition. The
method of erecting the scaffold was as follows: The ropes were
hung from hooks which were fastened to roof jacks which
rested upon the shingles of the roof. The upper end of each
jack was thrust under an upper course of shingles, and the
jacks were prevented from slipping by certain rows of screws
the points of which were arranged so as to catch upon the
shingles of the roof. Two shingles at the lower side of the
roof, and upon which one of the jacks rested, slipped out of
place and fell to the ground. At the same instant the jack
and hook slipped off, thereby causing the rope and platform
to fall.

In his testimony the plaintiff described the staging and the
materials by which it was upheld, and stated that when the
staging was put up he tested the falls by swinging upon each
of the ropes attached to two of the hooks "before we put the
scaffolding on." Lee Wilson, a witness for the defendants,
was one of the men working with the plaintiff. Wilson tes-
tified that, with the assistance of one Doremus, he placed the
hooks on the roof and tested them; that he waited at each

hook until it was tested, and this one looked perfectly safe; that in this particular case he had no doubt of its safety, but because of the appearance of the shingles he made an extra test; that he made an examination of the shingles to see if they were nailed or loose, and they were not loose at the time he put down the jack. The plaintiff did not take part in placing the hooks on the roof or share in putting up the apparatus, except that he tested the falls as above stated. As to the safety of the shingles and of the placing of the hooks thereon, he relied upon the defendants and upon his fellow-workmen; also, a member of defendant partnership was present when the scaffold was put up. The roof was old and weather beaten. Immediately after the accident some pieces of shingle of that character, apparently corresponding to the shingle-space left vacant on the edge of the roof, were found lying on the ground where the scaffold fell. These were exhibited to the court in connection with the testimony, but are not before us.

It was possible to have secured the scaffold against slipping of the shingles and a consequent fall, by fastening a rope to the hooks and tying it to a chimney on top of the roof. This actually had been done while they were painting another side of the house. Under the circumstances shown, we cannot say that there is no evidence tending to prove that the defendants negligently failed to provide plaintiff a safe scaffold upon which to work.

The accident occurred on the sixteenth day of October, 1912. At that time there was in effect a statute relating to the liability of employers for injuries of this kind. (Stats. 1911, p. 796.) Section 1 of that act provided that in actions of this class, "the fact that such employee may have been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee." It was further provided that it shall not be a defense that the injury was caused in whole or in part by the want of ordinary or reasonable care of a fellow-servant. Negligence of the defendants having been shown, the burden was upon the defendants to establish their plea of contributory negligence. In order to establish such plea, it must have been made to

appear not only that the plaintiff was negligent, but that such negligence was a proximate cause of the accident; and even if these conditions were established, the plaintiff's cause of action could not be entirely defeated if the court or jury found from the evidence that the contributory negligence of the plaintiff "was slight and that of the employer was gross, in comparison." Applying the evidence in this case to the rules governing contributory negligence under this statute, we cannot say that the court was not justified in its finding that plaintiff's injuries were not proximately caused or contributed to by his own negligence or fault. There is some testimony tending to show that the plaintiff, in some of his movements to and fro upon the scaffold, violated certain rules current among painters which are usually observed for the purpose of avoiding accident. But these acts of the plaintiff had been completed prior to the time of the accident, and were not such as to require the court to find that they were the acts which caused the scaffold to fall.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.